871 F.2d 1089
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Carmack WATERHOUSE, Plaintiff-Appellant,
v.
MAGGART AND WELCH, P.C.; Tom Edd Wilson; Cumberland County
Bank, Defendants- Appellees.
 No. 88-5814.
 United States Court of Appeals, Sixth Circuit.
 March 24, 1989.
 
 Before KRUPANSKY and DAVID A. NELSON, Circuit Judges, and JOHN W. PECK, Senior Circuit Judge.
 
 ORDER
 
 1
 Carmack Waterhouse, an attorney representing himself, appeals from a district court judgment which dismissed with prejudice his suit for damages for alleged violations of the Securities and Exchange Acts of 1934 and 1935, and which assessed expenses against him pursuant to Fed.R.Civ.P. 37(a)(4). This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Mr. Waterhouse sought damages of $9,725.00 from Cumberland County Bank, its former president, and an accounting firm, based on a claim that they had issued a misleading prospectus and proxy statement which induced him to purchase stock in the bank at an inflated rate. Waterhouse moved for discovery of a "Memorandum of Understanding" between the bank, the F.D.I.C., and Tennessee banking authorities, which set forth steps to be taken to restore the sound financial condition of the bank. The bank responded by referring Waterhouse to F.D.I.C. regulations which require that that records "contained in or relating to examination, operating, or condition reports by or on behalf of ... the FDIC" not be disclosed by a third party without the permission of the FDIC. 12 C.F.R. Sec. 309.5(c)(8); Sec. 309.7(c). Nevertheless, plaintiff persisted in filing a motion to compel the bank to produce the document. The district court denied this motion and assessed the bank's expenses against the plaintiff, pursuant to Fed.R.Civ.P. 37(a)(4). Four and one half months later, the bank moved to compel plaintiff to pay the expenses as earlier ordered, and to assess further expenses. The district court granted the motion, directing plaintiff to pay the expenses within ten days or be subject to further sanctions, including dismissal. When plaintiff ignored this order, the bank moved for dismissal and further expenses, which the court ordered.
 
 
 3
 Upon consideration, we affirm the judgment of the district court in all respects. Plaintiff questions the bank's use of a motion for dismissal upon his failure to obey the court's orders, when it could have enforced the judgment through setoff or writ of execution. However, the bank was acting within its rights in moving for dismissal. See Fed.R.Civ.P. 41(b). Plaintiff also challenges the courts' reliance on Rule 37 in dismissing the case, as that Rule refers only to dismissals for failure to obey orders to provide or permit discovery. However, the court was within its authority to dismiss for failure to obey its orders under Rule 41. Furthermore, no abuse of discretion was established, as plaintiff is a licensed attorney who was representing himself, and he had been warned that dismissal was contemplated if he persisted in disobeying the court's orders. Cf. Regional Refuse Systems, Inc. v. Inland Reclamation Co., 842 F.2d 150, 155 (6th Cir.1988).
 
 
 4
 Nor do we find plaintiff's challenges to the denial of discovery to have merit. Under 12 C.F.R. Sec. 309.7(c), anyone who has custody of exempt records of the F.D.I.C. is prohibited from disclosing such records, even in response to legal process, without the authorization of the Federal Counsel of the F.D.I.C. Plaintiff has produced no evidence that such authorization was given here. Finally, plaintiff has established no abuse of discretion in the expense award.
 
 
 5
 Accordingly, the district court's judgment is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.